# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PETER FRANK BORELLI** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 14-4842** |
| v. | : | |
| | : | |
| **LAWRENCE MAHALLY** | : | |
| *Respondent* | : | |

FILED JUN 28 2018

## ORDER

**AND NOW**, this 28th day of June 2018, upon consideration of the state court record and the pleadings herein, including, *inter alia*, the *pro se* petition for writ of *habeas corpus* filed by Petitioner Peter Frank Borelli ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1]; Respondent's response to the petition for writ of *habeas corpus* and exhibits thereto, [ECF 21, 22]; the *Report and Recommendation* issued on February 29, 2016 (the "R&R"), by the Honorable Thomas J. Reuter, United States Magistrate Judge (the "Magistrate Judge"), [ECF 29], which recommended that the Petition be denied as it relates to the convictions for the murder of Jamar O'Bryant and related charges (No. CP-06-CR-3664-2005 (C.P. Berks Cty.)); and Petitioner's *pro se* objections to the R&R, [ECF 35]; and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The R&R is **APPROVED** and **ADOPTED**;[1]

2. The objections to the R&R are without merit and are **OVERRULED**;[2]

---

[1] Petitioner's *pro se* petition for writ of *habeas corpus* sought *habeas* relief with respect to two separate convictions from two different juries in the Court of Common Pleas for Berks County, Pennsylvania. In the first criminal case, No. CP-06-CR-2476-2006, Petitioner was found guilty of criminal conspiracy to commit first-degree murder of Harvey Harris, possession with intent to deliver a controlled substance, criminal conspiracy to deliver a controlled substance, and two counts of corrupt organizations. In the second criminal case, No. CP-06-CR-3664-2005, Petitioner was found guilty of murder in the first degree of Jamar O'Bryant, criminal conspiracy to commit first-degree murder, two counts of corrupt organizations, criminal conspiracy to deliver a controlled substance, manufacture/delivery/possession with intent to deliver a controlled substance, and the criminal use of a communication facility. The Magistrate Judge issued separate R&Rs for each of these state court criminal cases, [ECF 29, 30], and Petitioner filed separate objections to each R&R. [ECF 34, 35]. Likewise, this Court will address each state court criminal case separately. This Order addresses *only* the R&R and objections related to CP-06-CR-3664-2005. [ECF 29, 35].

[2] In his petition for writ of *habeas corpus*, Petitioner asserts five ineffective assistance of counsel claims related to CP-06-CR-3664-2005; *to wit*, counsel was ineffective for failing to argue that: (1) Petitioner's trial should have been severed from the trial of his co-defendant; (2) the state trial court's jury instruction which

ENT'D JUN 28 2018

3. Petitioner's petition for a writ of *habeas corpus* as it relates to Petitioner's convictions in CP-06-CR-2479-2006, [ECF 1], is **DENIED**;

4. Petitioner's request for an evidentiary hearing is **DENIED**;[3] and

5. No probable cause exists to issue a certificate of appealability.[4]

BY THE COURT:

*/s/ Nitza I. Quiñones Alejandro*
NITZA I. QUIÑONES ALEJANDRO
*Judge, United States District Court*

---

referenced the "Borelli drug organization" and "Borelli organization" was improper; (3) the prosecutor engaged in misconduct during her closing arguments as it related to Petitioner's co-defendant; (4) Petitioner's double jeopardy rights were violated when he was convicted of corrupt organizations in both CP-06-CR-3664-2005 and CP-06-CR-2476-2006; and (5) the Commonwealth's amendment to the Criminal Information to add a count of criminal conspiracy to commit first-degree murder was not permitted. [ECF 1 at 16-26]. In his objections to the R&R, Petitioner disagrees with the Magistrate Judge's findings as they relate to Claims 1, 2, and 4 *only*, and reiterates the three ineffective assistance of counsel claims and the arguments in support thereof. [ECF 35 at 13-42]. Petitioner's objections, however, are nothing more than an attempt to relitigate the various arguments raised in his Petition, which the Magistrate Judge thoroughly considered and correctly concluded were either procedurally defaulted or meritless. This Court has further reviewed the pertinent portions of the record *de novo* and finds no error was committed by the Magistrate Judge in the analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved as it relates to CP-06-CR-3664-2005, and Petitioner's objections are overruled.

[3] It is well-settled that a district court is not required to hold an evidentiary hearing on a prisoner's *habeas* claims, including claims for ineffective assistance of counsel. *Palmer v. Hendricks*, 592 F.3d 386, 392-93 (3d Cir. 2010). Any decision to hold an evidentiary hearing is discretionary with the district judge. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). However, a federal *habeas* court is barred from holding an evidentiary hearing unless the petitioner was either diligent in his attempt to develop a factual basis for his claim in the state court proceedings or he satisfies the criteria set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2554(e)(2); *Palmer*, 592 F.3d 386, 392 (3d Cir. 2010). In determining whether to hold an evidentiary hearing, a federal *habeas* court should "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. "[I]f the record refutes the applicant's factual allegations or otherwise precludes [*habeas*] relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. In this matter, an evidentiary hearing would not alter this Court's determination that Petitioner's *habeas* claims are procedurally defaulted and/or without merit. As such, no evidentiary hearing is necessary.

[4] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth herein, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

2