# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PETER FRANK BORELLI | : | CIVIL ACTION |
| --- | --- | --- |
| *Petitioner, pro se* | : | |
| | : | NO. 14-4842 |
| v. | : | |
| | : | |
| LAWRENCE MAHALLY | : | |
| *Respondent* | : | |

## ORDER

**AND NOW**, this 28th day of June 2018, upon consideration of the state court record and the pleadings herein, including, *inter alia*, the *pro se* petition for writ of *habeas corpus* filed by Petitioner Peter Frank Borelli ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1]; Respondent's response to the petition for writ of *habeas corpus* and exhibits thereto, [ECF 21, 22]; the *Report and Recommendation* issued on February 29, 2016 (the "R&R"), by the Honorable Thomas J. Reuter, United States Magistrate Judge (the "Magistrate Judge"), [ECF 30], which recommended that the Petition be denied as it relates to Petitioner's convictions for criminal conspiracy to commit first-degree murder of Harvey Harris and related charges (No. CP-06-CR-2479-2006 (C.P. Berks Cty.)); and Petitioner's *pro se* objections to the R&R, [ECF 34], it is hereby **ORDERED** that:

1. The R&R is **APPROVED** and **ADOPTED**;[1]

2. The objections to the R&R are without merit and are **OVERRULED**;[2]

---

[1] Petitioner's *pro se* petition for writ of *habeas corpus* sought *habeas* relief with respect to two separate convictions from two different juries in the Court of Common Pleas for Berks County, Pennsylvania. In the first criminal case, No. CP-06-CR-2476-2006, Petitioner was found guilty of criminal conspiracy to commit first-degree murder of Harvey Harris, possession with intent to deliver a controlled substance, criminal conspiracy to deliver a controlled substance, and two counts of corrupt organizations. In the second criminal case, No. CP-06-CR-3664-2005, Petitioner was found guilty of murder in the first degree of Jamar O'Bryant, criminal conspiracy to commit first-degree murder, two counts of corrupt organizations, criminal conspiracy to deliver a controlled substance, manufacture/delivery/possession with intent to deliver a controlled substance, and the criminal use of a communication facility. The Magistrate Judge issued separate R&Rs for each of these state court criminal cases, [ECF 29, 30], and Petitioner filed separate objections to each R&R. [ECF 34, 35]. Likewise, this Court will address each state court criminal case separately. This Order addresses *only* the R&R and objections related to CP-06-CR-2479-2006. [ECF 30, 34].

[2] In the CP-06-CR-2479-2006 matter, Petitioner was sentenced on January 7, 2010. Petitioner did not appeal the conviction and sentence, and thus, the conviction and sentence became final on February 6, 2010.

ENT'D JUN 2 8 2018

3. Petitioner's petition for a writ of *habeas corpus* as it relates to Petitioner's convictions in No. CP-06-CR-2479-2006, [ECF 1], is **DENIED**;

---

*See* Pa. R. App. P. 903(a) (requiring that notice of appeal "be filed within 30 days after the entry of the order from which the appeal is taken."). On March 15, 2011, more than one year after Petitioner's conviction became final, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). On August 24, 2012, the PCRA Court denied the PCRA petition as untimely. On November 22, 2013, the Superior Court affirmed the dismissal of the PCRA petition, and on July 16, 2014, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. On August 14, 2014, Petitioner filed his federal *habeas* petition. In his Petition, Petitioner asserts six ineffective assistance of counsel claims. [ECF 1 at 1-10]. In the R&R, the Magistrate Judge found that Petitioner's federal *habeas* petition was untimely because it was filed more than one year after Petitioner's conviction and sentence became final on February 6, 2010. [ECF 30 at 4-5]. The Magistrate Judge concluded that Petitioner was not entitled to statutory tolling because his PCRA petition was denied as untimely and, thus, was not "properly filed" so as to trigger statutory tolling. (*Id.* at 5-6). The Magistrate Judge likewise concluded that Petitioner was not entitled to equitable tolling because he had not shown that he exercised reasonable diligence in pursuing his federal *habeas* claims. (*Id.* at 6-8). On May 16, 2016, Petitioner filed timely objections to the R&R. [ECF 34].

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one year period of limitations for *habeas corpus* petitions. Relevant to this case, the time period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is statutorily tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). Courts should apply this doctrine sparingly. *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). The petitioner bears the burden of proving both requirements. *Pace*, 544 U.S. at 418; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

As noted, the Magistrate Judge found the Petition to be untimely and concluded that Petitioner was not entitled to statutory or equitable tolling. [ECF 30 at 5-8]. Petitioner does not object to the finding of untimeliness, and concedes that he is not entitled to statutory tolling. [ECF 34 at 8-9]. Petitioner objects to the Magistrate Judge's finding that he is not entitled to equitable tolling, and argues that he is entitled to equitable tolling because on June 25, 2010, he filed a petition in the Court of Common Pleas for Berks County, Pennsylvania, pursuant to 28 U.S.C. § 2241(c)(3) and 42 U.S.C. § 1983, which complained of several constitutional violations. (*Id.* at 9-11). Petitioner argues that this filing was a timely assertion of his rights filed in the wrong forum, which entitles him to equitable tolling. (*Id.* at 11). Petitioner is mistaken. It is clear that Petitioner's June 25, 2010 pleading sought monetary damages, not *habeas* relief, against the Commonwealth of Pennsylvania, the Department of Corrections, and the Pennsylvania State Police. [ECF 21 at 26 n.50]. Thus, Petitioner did not file a timely petition seeking federal *habeas* relief in the wrong forum, he instead filed a civil action seeking monetary damages. Such a filing does not entitle Petitioner to equitable tolling. Petitioner filed his federal *habeas* petition over three years after the expiration of the one-year limitations period on February 6, 2011, and his single, unrelated, filing in state court does not show that Petitioner pursued his federal *habeas* rights diligently, or that some extraordinary circumstance prevented the timely filing of a federal *habeas* petition. In sum, Petitioner has not shown that he is entitled to equitable tolling. Accordingly, the R&R is adopted and approved as it relates to CP-06-CR-2479-2006, and Petitioner's objections are overruled.

2

4. Petitioner's request for an evidentiary hearing is **DENIED**;[3] and

5. No probable cause exists to issue a certificate of appealability.[4]

The Clerk of Court is directed to mark this matter **CLOSED**.[5]

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO
*Judge, United States District Court*

---

[3] It is well-settled that a district court is not required to hold an evidentiary hearing on a prisoner's *habeas* claims. *Palmer v. Hendricks*, 592 F.3d 386, 392-93 (3d Cir. 2010). Any decision to hold an evidentiary hearing is discretionary with the district judge. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). However, a federal *habeas* court is barred from holding an evidentiary hearing unless the petitioner was either diligent in his attempt to develop a factual basis for his claim in the state court proceedings or he satisfies the criteria set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2554(e)(2); *Palmer*, 592 F.3d 386, 392 (3d Cir. 2010). In determining whether to hold an evidentiary hearing, a federal *habeas* court should "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. "[I]f the record refutes the applicant's factual allegations or otherwise precludes [*habeas*] relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. In this matter, an evidentiary hearing would not alter this Court's determination that Petitioner's *habeas* claims are procedurally defaulted and/or without merit. As such, no evidentiary hearing is necessary.

[4] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth herein, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

[5] Contemporaneously with the filing of this Order, this Court entered an Order adopting the R&R and overruling Petitioner's objections to the R&R that addressed Petitioner's *habeas* claims related to No. CP-06-CR-3664-2005. With this Order, all of Petitioner's *habeas* claims have been adjudicated, both R&Rs have been adopted, and all of Petitioner's objections had been considered, and overruled. Accordingly, this matter may be closed.

3